**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 99-2183**

———————

WILLIAM HOLT COBB,

                              Plaintiff - Appellant,

        versus

STATE OF WEST VIRGINIA,

                              Defendant - Appellee.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Jerry D. Hogg, Magistrate Judge.  (CA-99-335-2)

———————

Submitted:  January 4, 2000          Decided:  February 7, 2000

———————

Before NIEMEYER and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

William Holt Cobb, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In this appeal, the district court construed a pro se document styled as a "Notice of Appeal" to a "United States District Court Judge" as a notice of appeal to this court. The court took the view that William Holt Cobb sought to appeal the district court's order denying his appeal from the magistrate judge's order that placed his petition for writ of coram nobis in abeyance. See Cobb v. West Virginia, No. CA-99-335-2 (S.D.W. Va. Aug. 25, 1999). Because we conclude that the notice of appeal is inadequate to confer jurisdiction on this court, we dismiss the appeal for lack of jurisdiction. Pursuant to Fed. R. App. P 3(c)(1)(C), the notice of appeal must name the court to which appeal is taken. Cobb's notice of appeal names only the United States District Court as the court to which appeal is taken. Thus, we are without jurisdiction even if we accord Cobb's filing a liberal construction.*

Accordingly, we dismiss the appeal and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

* We further note that even if Cobb had properly filed an appeal to this court from the district court's order denying Cobb's appeal from the magistrate judge's order placing his petition for a writ of coram nobis in abeyance, we would still lack jurisdiction to review the district court's order because it was neither a final judgment nor an interlocutory order reviewable on appeal.